EARL THAYER v. STATE.

No. A-3321.   Opinion Filed January 18, 1919.

(177 Pac. 381.)

LARCENY—Theft of Automobile—Sufficiency of Evidence. In a prosecution for the theft of an automobile, the evidence considered, and **held** sufficient to sustain a conviction, and that no reversible error was committed on the trial.

*Appeal from District Court, Oklahoma County;*
*Frank Mathews, Assigned Judge.*

Earl Thayer was convicted of stealing an automobile, and appeals.   Affirmed.

*Pruiett, Sniggs & Burns,* for plaintiff in error.

The Attorney General and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   Plaintiff in error, Earl Thayer, was convicted, and in accordance with the verdict of the jury was sentenced to a term of two years' imprisonment in the penitentiary upon an indictment charging the theft of one Ford five-passenger touring automobile, from the owner, J. B. Sheefers.   From the judgment rendered on the verdict, an appeal was perfected by filing in this court on April 20, 1918, a petition in error, with case-made.

The only assignment of error presented in the brief is that the verdict of the jury is not supported by sufficient evidence, and is contrary to law.

A substantial statement of the testimony of each witness who testified in the case is as follows:

The state's first witness, J. B. Sheefers, testified that he lived in Oklahoma City, was the owner of a Ford automobile, 1916 model, No. 6405-28; that on the night of June 12, 1917, he took a big chain and wrapped it around the front axle and locked it to a big sycamore tree in front of his house; that the car was taken that night without his consent; that the lock on the chain had been pried open; that there were four casings and an inner tube in the car; that the car was worth about $375; that the next day he saw a part of it at the police station; that his initials, printed on both sides of the car and under the front seat, had been removed with some kind of fluid, and the places painted.

Joe F. Braun, motorcycle policeman, testified:   That at 3 o'clock in the morning of June 13th he saw the defendant in the south part of town in an automobile, coming

north, and followed him and called to him to stop. Then the defendant tried to pocket him between the curbing and the car, and he pulled his gun and ordered him to stop. The defendant said, "You don't think this is a stolen car?" That some automobile casings, inner tubes, and curtains were in the car. That he told the defendant he would have to walk to the station, and the defendant made a break for his gun, and he told him: "You keep your hands up; I don't want to kill you." The defendant had a gun stuck in his waistband, with his suspenders wrapped around the handle, and he disarmed him and marched him from Walker street to the station. The defendant said: "Let me talk to you. I have got a little money here, and I will make you some money and myself some money"—and he told him, "Nothing doing." That, meeting Officer Youngblood, he directed him to search the defendant, and they found a box of shells and a bottle of acid in his pockets.

Mike Conners testified that he was a police officer for 11 years, knew the defendant for seven years, and with Officers Braun and Smith went out in the police car to bring in the Sheefers car. They found the tires off, the tag number rolled up, and the spark plugs out, and the name on the sides of the car had been erased.

For the defense Mon Quick testified that he lived at Oilton, but was at Gus Anthony's on the 13th day of June, 1917; left there at midnight; that Gus Anthony drove up in a Ford car about the time that he left in a car that had some auto casings in it, and Anthony asked him to drive the car to Jimmie Jones' and also to go and see the defendant, Earl Thayer; that he found the defendant in bed.

On cross-examination he stated that he heard the next morning that the defendant was arrested; that Mr. Shee-

fers' car had been stolen that night, and also Jimmie Jones' car.

Mrs. Ella Hodges testified that Mrs. Gus Anthony was her sister, and on that evening she went riding with Mr. and Mrs. Anthony, Bill Webber, and the defendant, Earl Thayer, and his wife in a car; that about 10 o'clock the Thayers and Webber got out of the car at Thayer's house; that that night about 12 o'clock Gus Anthony left his home with Mon Quick.

Mrs. Anthony testified she was the widow of Gus Anthony, lived at 218 West Oak, and on the evening of the 13th her husband and sister and the defendant, Thayer, and his wife went out riding in Jimmie Jones' car.

Mrs. Thayer, wife of the defendant, testified that she was out riding with a party the evening before her husband was arrested; that they returned home about 10 o'clock; that that night about 12 o'clock a party called and asked her husband to take Jimmie Jones' car back; that the car was at Gus Anthony's, her husband got up and went away.

Frank Lewis, son-in-law of the defendant, testified that he was staying at the defendant's house that night, and about 12 o'clock a party came to the door, and said Gus Anthony had sent him to have the defendant come and get Jimmie Jones' car and take it home. The defendant did not testify.

We think the foregoing statement shows that the verdict was fully warranted by the evidence in the case. When the jury returns their verdict finding the defendant guilty, which is approved by the trial court, and there is evidence tending to support every material allegation in

the indictment, the conviction will not be reversed, in the absence of prejudicial error.

Finding no material error in the record, the judgment of the trial court is affirmed.

ARMSTRONG and MATSON, JJ., concur.